# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MANSON, | : | |
|     Plaintiff, | : | No. 3:19-cv-851 (SRU) |
| v. | : | |
| RICHARD FUREY, et al., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

Plaintiff, James Manson ("Manson"), currently confined at Osborn Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to petition the government for redress of grievances. He names three defendants: Health Services Administrator Richard Furey, Deputy Warden Snyder, and Dr. Freston. Manson seeks damages and medical care from a specialist. Manson's complaint was received on June 3, 2019, and his motion to proceed *in forma pauperis* was granted on June 10, 2019.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. Allegations

On February 14, 2019, Manson submitted a formal complaint against the defendants complaining that they were deliberately indifferent to his serious medical needs in that they failed to notify him of treatments, cures, and follow-up care for his medical condition. ECF No. 1, ¶ 1. Manson suffers from a Helicabacter Pylori AG infection that causes him severe pain. *Id.*, ¶ 2.

Manson has submitted requests to each of the defendants. He did not receive responses to many of his requests. Deputy Warden Snyder responded to one request by referring the matter to Health Services Administrator ("HSA") Furey. HSA Furey did not respond until Manson filed a Health Services Review Grievance. *Id.*, ¶ 3. His response of "No Further Action" was not in compliance with Department of Correction Administrative Directive 9.6. *Id.*, ¶ 4. Dr. Freston, Manson's treating physician at the time, did not respond to Manson's many attempts to contact him. *Id.*, ¶ 5.

Manson's infection causes him pain, interferes with his sleep, limits his recreation and

2

work performance, and causes weight loss. *Id.*, ¶ 9. Manson has not been provided answers and information regarding ongoing treatment for his condition. A medical records staff person gave Manson a document stating that he had been cured, but a nurse told him about ongoing screening and treatment because the infection could spread to other parts of his body. *Id.*, ¶ 10.

II. Analysis

Manson asserts claims for deliberate indifference to serious medical needs and interference with his right to petition for redress of grievances. *Id.*, ¶ 6.

A. Deliberate Indifference to a Serious Medical Need

Manson alleges that the defendants have been deliberately indifferent to his serious medical need because they have not provided him information about his condition.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To state a claim for deliberate indifference to serious medical needs, Manson must allege facts showing both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)).

Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk

that Manson would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

Manson alleges that his infection causes pain and weight loss and interferes with his sleep and ability to exercise and work. In the inmate request attached to the Complaint, Manson states that he has suffered from the condition for six years. ECF No. 1 at 11. Although courts have determined that an H. pylori infection is not a serious medical need, for purposes of this ruling, I will assume that Manson's condition is sufficiently serious. *See Robinson v. Edwards*, 2016 WL 1889900, at *10 (S.D.N.Y. July 5, 2006) (noting that courts generally reject Eighth Amendment deliberate indifference claims based on H. pylori infections) (citing cases).

Manson alleges no facts, however, regarding the treatment Dr. Freston has prescribed. He alleges that he received a document indicating that the condition had been cured. This suggests that he has received some treatment for the infection. He also alleges that he received no responses to inquiries about further treatment. Absent information about the treatment provided, I cannot conclude that Manson states a plausible deliberate indifference claim against Dr. Freston or HSA Furey. Accordingly, that claim is dismissed without prejudice to Manson filing an Amended Complaint within 30 days alleging facts relating to his medical treatment for H. pylori.

B. <u>Right to Petition for Redress of Grievances</u>

Manson contends that the defendants have violated his right to petition for redress of grievances because they did not respond to his requests. ECF No. 1, ¶ 7. He argues that by interfering with the grievance process, defendants Furey and Snyder are preventing him, and

4

other inmates, from exhausting their administrative remedies as required under the Prison Litigation Reform Act. *Id.*, ¶ 8.

Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes … create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)); *Kalican v. Dzurenda*, 2015 WL 1806561, at *6 (D. Conn. Aug. 21, 2015) (no constitutional right to receive response to grievance). Thus, Manson has no constitutional right to receive responses to his inmate requests or grievances.

Further, although the Second Circuit has not held that denial of access to or interference with prison grievance procedures is cognizable as a violation of a constitutionally protected right, such as the right to petition the government for redress of grievances, district courts considering the issue have held that it does not. *See Lopez v. McGill*, 2009 WL 179787, at *5-6 (D. Conn. Jan. 31, 2009) (denial of access to, or violation of, grievance procedures does not violate constitutionally protected right such as right to petition government for redress of grievances) (citing cases).

Indeed, Manson's conclusion that interference with the grievance process will prevent him from exhausting his administrative remedies and prevent him from proceeding on the merits of his claims in federal court is incorrect. Manson's right to petition the government for redress of grievances included his right of access to the courts. "The constitutional right of access to the

5

courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *City of New York v. Beretta U.S.A. Corp.*, 624 F.3d 384, 397 (2d Cir. 2008) (internal quotation marks and alteration omitted). To state such a claim, Manson must demonstrate an "actual injury," that is, he must show that the defendants interfered with his ability to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996). The Prison Litigation Reform Act requires that inmates exhaust available administrative remedies before commencing an action in federal court. 42 U.S.C. § 1997e(a). If prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" the grievance procedure would be unavailable and the inmate would be able to proceed to federal court. *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016). Accordingly, Manson's complaint does not state a plausible claim that his right to petition for redress of grievances has been violated.

## CONCLUSION

The First Amendment claim for violation of the right to petition for redress of grievances, the only claim against Deputy Warden Snyder, is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claim for deliberate indifference to medical needs is DISMISSED without prejudice to filing an Amended Complaint that alleges facts relating to Manson's treatment for his H. pylori infection and demonstrating the involvement of HSA Furey and Dr. Freston in that treatment. Manson shall file his amended complaint within thirty days from the date of this order using the Prisoner E-filing Program.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of June 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge