UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES MANSON,
    Plaintiff,

v.

RICHARD FUREY, et al.,
    Defendants.

No. 3:19-cv-851 (SRU)

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT**

James Manson, currently confined at Osborn Correctional Institution in Somers, Connecticut, filed an amended complaint *pro se* under 42 U.S.C. § 1983 against Health Services Administrator Richard Furey and Dr. Cary R. Freston (collectively, "Defendants"), asserting violations of his Eighth Amendment rights for failure to treat a serious medical need.[1] *See* Am. Compl., Doc. No. 12, at ¶¶ 6–7. Manson seeks damages and medical care from a specialist, as well as attorneys' fees. *Id*. at ¶ 6.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S.

---

[1] Although the amended complaint bears a stamp indicating that it was emailed to the court on July 3, 2019, it was not received by the court until October 7, 2019 through regular mail. *See* Am. Compl., Doc. No. 12-1.

544, 555-56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and conclusory allegations will not suffice, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

I. Allegations

Manson suffers from a "[h]elicobacter pylori AG" infection, which causes him "extreme" pain, interferes with his sleep, limits his movements including recreation and work performance, and has resulted in "severe" weight loss. Am. Compl., Doc. No. 12, at 6, at ¶ 5. Manson submitted several requests to Furey and Freston, complaining that he was experiencing severe pain as a result of his infection. *Id*. at ¶ 1.

Even though both Furey and Freston were "made aware" of his condition through "verbal and written communication," they denied Mason "meaningful treatment, follow up care, and information about [his] illness." *Id.* at ¶¶ 2, 7. Manson thereafter submitted a number of additional formal requests through his counselor, John Kay, but still did not receive a response. *Id.* at ¶ 3. A request to the deputy warden was referred to Furey, who again did not respond. *Id.* at ¶ 4.

On February 14, 2019, Manson filed a Health Services Review/Grievance, claiming that Furey and Freston failed to treat his condition. *Id.* at ¶ 6. After submitting the formal request,

2

Manson received a document from medical records personnel stating that he "had been cured," even though Mason had yet to be treated. *Id*. at ¶ 8.

Moreover, a medical staff member who concealed her identity informed Manson that the infection can spread to other parts of the body, and can lead to cancer and even death. *Id.* at ¶ 9. The defendants did not warn Manson of such consequences. *Id.*

II. Analysis

Manson asserts a claim for deliberate indifference to serious medical needs under the Eighth Amendment as a result of Defendants' failure to provide information about or treatment for his helicobacter pylori AG infection. Deliberate indifference to serious medical needs exists when an official "knows that [an] inmate[] faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

The deliberate indifference standard "embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious," meaning that the condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been "actually aware of a substantial risk" that Manson would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

In the instant case, with respect to the objective prong, Manson alleges that his helicobacter pylori AG infection caused him "extreme" pain, "severe" weight loss, and interfered with his sleep as well as his ability to exercise and work. Am. Compl., Doc. No. 12, at ¶ 5.

3

Mason further alleges that the condition can lead to cancer and death. *Id.* at ¶ 9. Although courts have determined that an H. pylori infection is not a serious medical need, I will assume that Manson's condition is sufficiently serious for purposes of this ruling. *See Robinson v. Edwards*, 2016 WL 1889900, at *10 (S.D.N.Y. July 5, 2006) (noting that courts generally reject Eighth Amendment deliberate indifference claims based on H. pylori infections).

With respect to the subjective prong, Manson alleges that he submitted multiple requests to Furey and Freston, complaining of his severe pain stemming from his infection, but nonetheless did not receive treatment. Am. Compl., Doc. No. 12, at ¶ 5.

For the foregoing reasons, I conclude that Manson's complaint was not frivolous nor malicious, nor did it fail to state a claim upon which relief may be granted. I will therefore permit the claim to proceed at this time.

## CONCLUSION

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses for defendants Freston and Furey with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint and this Order to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Amended Complaint on defendants Freston and Furey in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     T**he Clerk shall** send Manson a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If Manson changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the

dismissal of the case. Manson must give notice of a new address even if he is incarcerated. Manson should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Manson has more than one pending case, he should indicate all the case numbers in the notification of change of address. Manson should also notify the defendants or the attorney for the defendants of his new address.

(10) Manson shall utilize the Prisoner Efiling Program when filing documents with the court. Manson is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(11) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Manson.

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of November 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge